UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY LEWANDOWSKI, | ) | Civ. 11-4106-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING CASE |
| | ) | |
| DAY COUNTY CIRCUIT COURT, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Gregory Lewandowski, has filed a pro se civil rights lawsuit against defendant Day County Circuit Court. Lewandowski moves to proceed in forma pauperis in his lawsuit against defendant.

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, requires prisoners to make an initial partial filing payment where possible, even if in forma pauperis status is sought. "When an inmate seeks in forma pauperis status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (internal citations omitted). Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

    (A)    the average monthly deposits to the prisoner's account; or
    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Lewandowski has indicated that the average monthly deposits to his account total $0 and that his average monthly balance is a *negative* $349.69. Thus, the court finds Lewandowski is unable to make an initial partial filing payment and it is waived. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

But the inquiry does not end there. The PLRA also requires this court to "screen" Lewandowski's complaint to determine whether it should be dismissed. Section 1915 provides an action must be dismissed if the court determines the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Lewandowski appears to assert that his Sixth and Fourteenth Amendment rights were violated when he was convicted in Day County Circuit Court of driving under the influence (DUI), his fifth offense. Although unclear, the complaint appears to base this allegation on the improper use of an uncounseled guilty plea to an earlier DUI charge to enhance the penalty for his fifth (felony) DUI charge in 2007. In this respect, Lewandowski's complaint is identical to allegations in an earlier case, *Lewandowski v. Day County Circuit Court et. al.;* Civ. 09-4089. His complaint was dismissed for failure to state a

claim upon which relief may be granted after the court found his claim was a habeas claim, not a § 1983 claim. The same reasoning applies here.

Lewandowksi's complaint is actually a habeas corpus claim, not a § 1983 civil rights complaint. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Preiser* v. *Rodriguez,* 411 U.S. 475, 500 (1973). Lewandowski's claim that he was wrongly convicted or that his sentence is illegal is clearly a challenge to the "very fact or duration" of his imprisonment. As such, his sole remedy is a writ of habeas corpus.

Lewandowski's claim is also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that if a judgment favorable to a prisoner in a § 1983 lawsuit would necessarily imply the invalidity of the prisoner's conviction or the length of the prisoner's sentence, then a § 1983 action for damages does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *Id.* at 486-87. Lewandowski has not alleged that his conviction has been invalidated. Accordingly, he has failed to state a claim upon which

relief may be granted and his complaint is dismissed pursuant to 28 U.S.C. § 1915.

The court also notes that this will be Lewandowski's third case to be dismissed pursuant to the screening procedures of 28 U.S.C. § 1915. The Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, *on 3 or more prior occasions,* while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added). Lewandowski has previously proceeded in forma pauperis in two other cases that were dismissed pursuant to the screening procedure of § 1915. *See* Civ. 09-4089, Civ. 11- 4125. Thus, Lewandowski is now ineligible to litigate in forma pauperis unless he demonstrates that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Therefore, it is

ORDERED that Lewandowski's motion to proceed in forma pauperis (Docket 2) is granted. The initial partial filing fee is waived. The institution having custody of plaintiff is directed that whenever the amount in plaintiff's trust accounts exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to plaintiff's trust account will be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C.

§ 1915(b)(2), until the filing fee is paid in full. Plaintiff is advised the fee for filing this civil action is $350, and he remains fully responsible for the fee.

  IT IS FURTHER ORDERED that Lewandowski's complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915. Lewandowski is notified that he may not file any additional civil cases in forma pauperis unless he is "under imminent danger of serious physical injury" as set forth at 28 U.S.C. § 1915(g). Lewandowski may still file civil cases if the complaint is accompanied by the $350 filing fee applicable to civil actions.

  Dated November 28, 2011.

          BY THE COURT:

          /s/ *Karen E. Schreier*
          KAREN E. SCHREIER
          CHIEF JUDGE